98 F.3d 1341
 78 A.F.T.R.2d 96-6992, 96-2 USTC P 50,581
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Robert S. GRUBER, Sandra Gruber, Efstratoios Zoumerakis,
Angie Zoumerakis, Gregory Kalikas, Stephanie Kalikas, Margi
Kallergis, Ioannis Kallergis, Michael Politis, and Maria
Politis, Petitioners-Appellants,
v.
COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.
 No. 95-2137.
 United States Court of Appeals, Sixth Circuit.
 Oct. 9, 1996.
 
 Before: KENNEDY, DAUGHTREY, and WEIS,* Circuit Judges.
 PER CURIAM.
 
 
 1
 The plaintiff taxpayers appeal (1) the Tax Court's disallowance of deductions--claimed by the subchapter S corporation wholly owned by the plaintiff husbands--for so-called "business enhancement payments"; (2) the court's assessment of additional tax liability for unreported corporate income; and (3) its determination of liability for fraud as to the plaintiff husbands.
 
 
 2
 Before the Tax Court, the taxpayers claimed, essentially, that they had taken unrecorded cash payments for the sale of scrap metal in order to fund "grease payments" for their foreign business. But they had also failed to keep records of how much was spent on these business enhancement payments, and the IRS was, understandably, not amenable to accepting the taxpayers' claim that the unrecorded receipts and payments in question were "a wash," leaving virtually no tax liability. The plaintiffs also maintained that they had failed to report the transactions out of fear of retaliation by unspecified persons abroad and by their competitors at home, in an unsuccessful attempt to rebut the Commissioner's proof of fraudulent intent.
 
 
 3
 Having had the benefit of oral argument, and having carefully considered the record on appeal and the briefs of the parties, we are not persuaded that the Tax Court erred in its assessments. Because the reasons why judgment should be entered for the Commissioner have been fully articulated by the Tax Court, we conclude that the issuance of a detailed opinion by this court would be duplicative and would serve no useful purpose.
 
 
 4
 Accordingly, we AFFIRM the decisions of the Tax Court assessing additional tax and penalties against the plaintiffs, based on the reasoning set out in that court's memorandum opinion, reported unofficially at 69 T.C.M. (CCH) 2718 (1995).
 
 
 
 *
 The Hon. Joseph F. Weis, Jr., Circuit Judge, United States Court of Appeals for the Third Circuit, sitting by designation